UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>POLAR REFRIGERATION & RESTAURANT EQUIPMENT, INC.,<br><br>Defendant. | CASE NO. C18-0044JLR<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiffs Northwest Sheet Metal Workers Welfare Fund, Northwest Sheet Metal Workers Pension Fund, and Northwest Sheet Metal Workers Supplemental Pension Trust's (collectively, "Plaintiffs") motion for default judgment against Defendant Polar Refrigeration and Restaurant Equipment, Inc. ("Polar"). (Mot. (Dkt. # 9).)

ORDER - 1

The Local Civil Rules provide that a party seeking default judgment must set forth "a concise explanation of how all amounts were calculated," and must support this explanation with evidence establishing the amount of the principal claim, as well as any interest and attorney's fees sought. *See* Local Rules W.D. Wash. LCR 55(b)(2). Local Rule 55 imposes a heavy evidentiary burden on a party seeking entry of default judgment because such relief is obtained without the benefit of the adversarial process. *See, e.g.*, *Vawter v. Quality Loan Serv. Corp. of Wash.*, C09-1585JLR, 2011 WL 13190117, at *2 (W.D. Wash. Mar. 7, 2011).

In reviewing Plaintiffs' motion and supporting materials, the court identified multiple errors and omissions. First, there appears to be a page missing from the declaration of Daniel Hutzenbiler, Plaintiffs' attorney. (*See* Hutzenbiler Decl. (Dkt. # 10).) The declaration skips from paragraph 14 to paragraph 18 (*id.* at 4-5), and the court is unable to locate paragraphs 15 through 17. Consequently, the court cannot cross-reference various figures cited in Plaintiffs' motion with evidence ostensibly set forth in paragraph 17 of Mr. Hutzenbiler's declaration. (Mot. at 2; *see generally* Hutzenbiler Decl.) Second, Plaintiffs' motion and Mr. Hutzenbiler's declaration attest that Polar owes Plaintiffs a total of $69,242.28 in contributions and $13,848.46 in liquidated damages. (Mot. at 2; Hutzenbiler Decl. ¶ 14.) However, the contribution amounts and liquidated damages set forth in Mr. Hutzenbiler's declaration add up to several hundred dollars less than the totals Plaintiffs provide. (*See* Hutzenbiler Decl. ¶ 14.) Finally, Mr. Hutzenbiler's attestation as to the total hours that Plaintiffs' attorneys

//

expended and billed does not match the figures set forth in Exhibit D to his declaration. (*Compare* Hutzenbiler Decl. ¶ 18, *with* Ex. D (Dkt. # 10-4) at 4.)

These errors undermine the court's confidence in the accuracy of Plaintiffs' submissions. Accordingly, the court directs Plaintiffs to correct the errors or provide a detailed explanation as to why the identified deficiencies are not, in fact, errors. The court also directs Plaintiffs to scrupulously review its entire submission for accuracy prior to refiling an amended motion for default judgment.

Based on the foregoing analysis, the court DENIES Plaintiffs' motion for default judgment (Dkt. # 9) without prejudice to refiling with the corrections discussed herein. The court ORDERS Plaintiffs to refile an amended motion for default judgment within fourteen (14) days of the date of this order.

Dated this 5th day of December, 2018.

The Honorable James L. Robart
U.S. District Court Judge