UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST SHEET METAL WORKERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> POLAR REFRIGERATION & RESTAURANT EQUIPMENT, INC., <br><br> Defendant. | CASE NO. C18-0044JLR <br><br> ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiffs Northwest Sheet Metal Workers Welfare Fund, Northwest Sheet Metal Workers Pension Fund, and Northwest Sheet Metal Workers Supplemental Pension Trust's (collectively, "Plaintiffs") amended motion for default judgment against Defendant Polar Refrigeration and Restaurant Equipment, Inc. ("Polar"). (Mot. (Dkt. # 12).)

The Local Civil Rules provide that a party seeking default judgment must provide "a concise explanation of how all amounts were calculated" and must support this explanation with evidence establishing the amount of the principal claim as well as any liquidated damages sought. Local Civil Rules W.D. Wash. LCR 55(b)(2). Local Rule 55 imposes a heavy evidentiary burden on a party seeking entry of default judgment because such relief is obtained without the benefit of the adversarial process. *See, e.g.*, *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09-1585JLR, 2011 WL 13190117, at *2 (W.D. Wash. Mar. 7, 2011).

Plaintiffs fail to show that they have properly calculated the liquidated damages to which they claim they are entitled. Plaintiffs assert that the trust collection policy that governs Polar's financial obligations to Plaintiffs "provides that when employers make delinquent payments, or fail to make payments, they are liable for liquidated damages of 20% of the amount of the contributions due." (Mot. at 2.) To support that assertion, Plaintiffs cite the declaration of Daniel Hutzenbiler, Plaintiffs' attorney. (*Id.* (citing Hutzenbiler Decl. (Dkt. # 13) ¶¶ 11-12).) Mr. Hutzenbiler's declaration summarily reiterates that, under the trust collection policy, Polar is "required to pay liquidated damages at 20% of any late payment." (Hutzenbiler Decl. ¶ 11.) However, Mr. Hutzenbiler fails to cite the provision of the trust collection policy that establishes a liquidated damages rate of 20%. (*See generally id.*)

In reviewing the trust collection policy, the court found no support for the proposition that Polar is liable for liquidated damages at 20% of its unpaid contributions. (*See generally* Hutzenbiler Decl. ¶ 8, Ex. B.) To the contrary, the trust collection policy

states that an employer will be assessed liquidated damages of 5% of delinquent contributions until the twenty-fifth day of the month following the month the relevant hours were worked, at which point the liquidated damages rate increases to 10% of the outstanding contributions. (*Id.* ¶ 2.1.B.) Mr. Hutzenbiler's declaration implies that a delinquent employer is liable for liquidated damages of 20% of outstanding contributions "if suit is filed," but cites no evidence to that effect. (Hutzenbiler Decl. ¶ 11.) The court declines to scour Plaintiffs' submissions for any such evidence. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

Once again, the court lacks confidence in the accuracy of Plaintiffs' submissions. (*See* 12/6/18 Order (Dkt. # 11).) The court thus directs Plaintiffs to file a second amended motion for default judgment that clearly sets forth the liquidated damages to which they are entitled and cites the corresponding provisions of the trust collection policy. The court cautions Plaintiffs that, in the interest of conserving judicial resources, the court will consider denying with prejudice a second amended motion for default judgment that is inaccurate or insufficiently supported.

For the foregoing reasons, the court DENIES Plaintiffs' amended motion for default judgment (Dkt. # 12) without prejudice to refiling with the corrections discussed

//

//

//

1 | herein.  The court ORDERS Plaintiffs to file a second amended motion for default
2 | judgment within 14 days of the date of this order.
3 |  Dated this 18th day of January, 2019.

             *[signature]*

             The Honorable James L. Robart
             U.S. District Court Judge